John Petrucelli Reg# 52397-054
Allenwood F.C.I Med
P.O BOX 2000
Whitedeer, PA 17887

August 28th. 2023

The Honorable Jennifer H Rearden,
U.S Dist of New York
500 Pearl Street
New York, New York 10007

Re U.S v John Petrucelli - 02-cr-99 (JHR)

Dear Judge Rearden,

I am writing in concern of a reply motion. I had earlier requested a extension to reply. I stated, I could do a more professional job with the extra-time. The unforeseeable has occured. Our Prison has been locked-down for over a week. I am unable to correspond with the individuals who were to assist myself, in certain aspects of professionalizing the reply. Rather than deal with the difficulties of communicating with a outside party, I am submitting my reply in hand-Print, along with this letter of explanation. I have submitted the reply as quickly as I could, complete. Mailing also takes about 4 days, from whitedeer, PA to New York, delivery.

Respectfully Submitted,
John Petrucelli

John Petrucelli Reg # 53397-054
Allenwood F.C.I Med
PO Box 2000
White Deer, PA 17887

The Honorable Jennifer H. Rearden
U.S. Dist. of New York                        August 28, 2023
500 Pearl Street
New York, New York 10007

                    Re: US V John Petrucelli 02-cr-99 (JHR)
Dear Judge Rearden,

    The defendant John Petrucelli would respectfully
reply to the governments response in opposition of
his motion for a reduction in sentence Pursuant
to 18 U.S.C § 3582 (C)(i)(A). Petrucelli who is
serving a life sentence for murder in aid of racketeering
Believes he has demonstrated extraordinary and
compelling circumstances justifying his release under
3553 (a) factors.

    Petrucelli has met the 3 prerequisities for
granting compassionate release motion, Petrucelli has
exhausted his administrative remedys to this point.
Second, Petrucelli has offered the court a number
of instances showing extraordinary and compelling
reasons. third, the Defendant has given numerous
examples where the reduced term of imprisonment
is sufficient to accomplish the laws mandate
to among other things, reflect the seriousness
of the Offense,... Promote respect for 18 U.S.C

3582 (c)(1)(A) 3553 (a)(2)(A) Petrucelli
believes he is entitled to the requested relief
under section 3582.

The Defendant has demonstrated extraordinary
and compelling reasons to reduce his sentence
to 22 years or in the alternative to 35 years.
The six arguments are sound and the arguments
are supported by numerous cited cases from the
second circuit. A most recent case from the
southern District- US v David williams and 3 codefendants.
7/27/23 EF 09-cr-558 (CM) using amendment modifications
of 1B1.13 (a) category for granting compassionate release
adds, unusually long sentence category in application
to proposed amendment. "Any other reason" of similar
gravity (Judge Posner) unusually long sentence. Judge
Posner continues with, "government manipulation of facts
in connection with a sting operation." Held relevant
when considering whether a sentence qualifies
as unduly harsh. US v Redd 444 F. Supp 3d 717
722-24 E.D Va US v Curts NO-03-cr-533 (2020)
WL 1935543 D.D.C. 4-22-20. Defendant for over
a decade, has attempted to retrieve agency records
through FOIA requests and lawsuits. He has been
stonewalled everytime. He has a FOIA/PA lawsuit
sitting in the D.C courts as Petrucelli writes
this very motion reply. (Petrucelli v DOJ 1-22-CV-02281.)
Now 1B1.13 (a) Policy statement is applicable to defendant

and BOP filed motions. To extent of sentencing reduction, circumstance may include rehabilitation in prison, offense occured when defendant in early 20's. Intervening legislation to guidelines. Sentence most likely a lower one today. combination of other 2 factors constitutes extraordinary and compelling reasons. A broad array of factors that may properly be considered in determining the extent of any such reduction. Amendment fully consistent with Concepcion v United States 142 Sct 2389. Defendant has listed an array of factors.

First, the life sentence is unjust. The government offered Petrucelli a 18 year Plea-agreement. Petrucelli could have taken the lower sentence. Had he'd only known all the facts about the Plea-deal. Petrucelli's hired attorney advised him to not entertain a Plea deal. Actually shouted out in open court on 5-21-02, during a status hearing. with u.s attorney Kelley present. Petrucelli had been in S.H.U for many months prior to trial, he was receiving very little assistance from his paid attorney, Diarmuid white esq. His family met with another attorney, Larry Bronson. As a unpaid consultant, somehow he obtained confirmation on a plea-agreement with u.s attorney Kelley, and us attorney Raskin. The stipulation that was made unbeknownst to Petrucelli

Larry Bronson had to enter his name onto the record, greatly angering Petrucelli's paid attorney Diarmuid White. Later on, it became evident White esq. had his own agenda. A Plea-agreement at that time was not part of it. Petrucelli eventually attempted to explain matters on his original 2255. His attorney then, Thomas Sullivan esq. raised a number of conflict issues, one being the 18 year Plea-agreement. The district judge was opposed to any disturbance of the conviction, and refused even a hearing on the plea-agreement. The defendant today, continues to work at obtaining access of the transcripts from 5/21/02. The hearing where the defendants then paid attorney yelled out in the open courtroom, "this your honor is not a plead-able case. May we please set a trial date!" Those transcripts are a concrete contradiction to what the government argued against the defendant during the original 2255 Petition.

Second Petrucelli should not have been sentenced under the first degree murder guideline 2A1.1. The government had seemingly overcharged the defendant. The government years earlier than this defendant. Had given plea-agreements to a number of defendants on the same indictment. All were given what amounted to immunity, as long as those defendants plead to various charges of "In aid of racketeering." Later on, this left very little for the government to prove at Petrucelli's trial along with a very hard defense for him to mount.

Petrucelli is not trying to shift responsibility for Cicero's

death. But enlighten the court to the facts.
It's horrible Paul Cicero, lost his life. But,
2E1.1(g)(1) is much more in-line with sentencing
method's used today. Much more so than the
antiquated system, Petrucelli was sentenced under.
Petrucelli still remembers, Judge Griesa's comment
at sentencing. "He was bound by law to impose
the mandatory sentence." The defendant believes
he was sentenced with a overly harsh statute
unfairly leaving him with a number of
disadvantages. From the moment Petrucelli was brought
to M.D.C. Brooklyn and placed in Segregated Housing
unit, supposedly facing the death penalty.
    In addition, the type of sentence, considering all
the facts, was unduly harsh. The defendant may
have been statutorily-authorized by sentence. But
it's evident this was U.S attorney manipulation from
the momement the defendant was indicted. Defendant
was placed in S.H.U upon his arrival to M.D.C.
Seperated from General Population, given no regulatory
hearing and remained in S.H.U for about 184 days.
Having a attorney make all the decisions for trial
without this defendants consent. The defendants original
attorney of choice was physically threatened off his
defense. And transcripts manipulated, beginning with Petrucelli's
arraignment. The defendant had paid for and received
altered transcripts. Through FOIA/PriAct requests & lawsuits
the defendant has been unable to garner any FOIA/PA records

P9.5-09-10

from EOUSA nor from the F.B.I

Third - Sentence was a product of courts 2A1.1
First Degree murder enhancement for the June 20th 1995
Stabbing of Paul Cicero. Reckless endagerment is
now retroactively deemed by Supreme Courts. Borden v.
USA 141 Sct. 1817 (2021) (Reckless homicide) not a
violent crime that is unconstitutionally vague,
Does not meet the force clause, no overt act
is required to convict. The government is
limiting the applicability of Borden v United States
141 S.ct 1817 (2021). It is not the US attorney's
job to decide, that matter is the courts.
The guidance comes from todays rule of law
depicted in Alleyne v. USA 570 US 99, 108 (2013)
which is not retroactive and would invalidate
much of the overly harsh enhancements.

Fourth - Life Sentence is extraordinary compared
to Sentences of Similarly situated defendants. Petrucelli
was Sentenced under statutorily-authorized sentence.
The most extreme charge at the time of his
arrest, 1959 (a)(1). This is an instance where the
court could resolve disparity in Sentencing for defendants
convicted of Murder in aid of racketeering. As
this particular case Seems to be a anomally.
Compared with other 1959(a)(1) chargings. As
tragic as it was, the victim Paul cicero, suffered
a estimated 2 inch Stab wound to abdomen.
From hospital reports, apparently under the intluence of

a drug and maybe alcohol. Facts the defendant was unable to enter onto the record. That piece of information along with the size and location of the stab wound, show a less evident intent to inflict murder, with the facts being fully divulged. The cases the U.S attorney cited, there was a clear motive to murder. And combine that with the fact the U.S attorney's office allowed previous defendants of the same case, to plead to a great number of crimes, Petrucelli would later be indicted for, while those defendants received the equivalence of a cooperation plea-deal. The cases cited by the government only bolsters the defendants earlier statement about 1959 (a)(1), charge is reserved for the most serious of crimes.

Fifth - Petrucelli argues covid-19 lockdowns were burdensome for inmates. The over 2 years of protocol lockdowns were punitive in nature. Many inmates suffered psychological lasting effects, from the harsh treatments- myself included. Defendant was disoriented, as Defendant was when he first came into the BOP, and was placed in S.H.U. There is now a long list of BOP cases supporting Petrucelli's arguments on Covid-19 era, and the ill-effects it has had on incarcerated individuals. The defendant cited only a few cases from a long list of choices, on his original motion

Sixth. Petrucelli has rehabilitated as demonstrated by his 22 year history without disciplinary reports and his post-sentencing work history. Citing Concepcion V. USA. A more recent case than the somewhat outdated cases the government cited. Petrucelli has lived in a unusually dim world for many years. Managing not to violate regulations and maintain steady work history demonstrates rehabilitation in of itself. A number of cases agree.

3553(a) Factors compel consideration of nature and circumstance of the offense and history characteristics of the defendant and require the resulting sentence be sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence and protect the public from the defendants further crimes.

Petrucelli has listed a number of extraordinary and compelling reasons "warranting compassionate release."

As stated earlier, the case laid upon Petrucelli was not your typical murder in aid of racketeering charge, usually brought by the government. The charge initiated about 6 years prior to this defendants arrest. The government had allowed a number of defendants, on the same case, to make plea-agreements on various offenses of the 1959 statute.

Suffering a minimal amount of punishment
in return. The plea-agreement went on to prove
a large section of the indictment against the
defendant. In addition, the government allowed
the same attorney, Diarmuid White esq,
who participated in securing the most favorable
plea-deals for those defendants. For the same case,
in which Petrucelli would eventually be charged with, Represent
the defendant, during the all or nothing-trial.
    Petrucelli was not charged with the crimes
U.S. attorney Ross, attributed to the defendant. Petrucelli
was 23 years old and younger for the time-frames
of the crimes the government accused him of. Learned
only through the cooperation of Darin Mazarella. 23
years old, the night Darin Mazarella alleges, defendant
stabbed Paul Cicero. The Ramsay case, keys in
on age factor (538 F.Supp$^{2d}$ 402). Petrucelli was able
to have the most serious allegations of uncharged
crimes removed before trial, then again from his
BoP file, which lowered his security level.
    (The Amate case No: 21-2747, directs the appellant,
removing crimes from PSR, is done at the
    district court level.
    The allegations were 404 b, uncharged crimes. Brought
forth by cooperating witness, Darin Mazarella,
most likely at the then, US atty David Kelleys,
direction. Mr. Kelley was heavily involved in the
entire "Tanglewood Boys" case. Darin Mazarella

received no jail-time cooperation plea-deal.
And over $250,000, along with relocation
of himself and his family. Seems this defendant
was the last piece of the puzzle.

   John Petrucelli respectfully submits this reply
to the governments opposition.

### conclusion

   for the reasons requested in his original compassionate
release motion and through his reply to the governments
opposition motion. The motion should be granted
as time served.

                         Respectfully submitted
                         By: John Petrucelli

CC- Harry Ross U.S Atty.
   U.S. Atty Office
S.D. Silvio J. Mollo Building
One Saint Andrews Plaza
N.Y., N.Y 10007


   I, John A Petrucelli, hereby declare and affirm
the foregoing is true and correct to the best of
my knowledge and recollection, under penalty of
perjury pursuant to 28 U.S.CS § 1746 (2) x John Petrucelli

# CERTIFICATE OF SERVICE

I, John Petrucelli hereby certify that I served a true and correct original, by first-class surrender to prison officals, this 28th day of August 2023.

X John Petrucelli-52397-054
John Petrucelli-52397-054
Allenwood F.C.I med
P.O Box 2000
White Deer, PA 17887

1) US Atty office
Henry Ross
one Saint Andrews Plaza
New York, New York 10007

2) clerks office
Southern District courthouse
500 Pearl Street
New York, New York 10007

John Petrucelli Reg#52397-054 B1K UA
Allenwood Federal Correctional Institution
P.O Box 3000
White Deer, PA 17887

8-27-23

52397-054
Clerk Of The Court
500 Pearl St
NEW YORK NY 10007
United States



RECEIVED
AUG 18 2023
CLERK'S OFFICE
S.D.N.Y.

Crim
(R)



